DECISION
Plaintiff-appellant, the state of Ohio, appeals from the order of the Hamilton County Court of Common Pleas granting the defendant-appellee's motion for a polygraph examination and its further order that the results of the examination be admitted at the eventual trial in the case. The state argues that the lower court erred by granting Brand's motion, ordering a polygraph examination and holding the results of the test admissible at trial.
In State v. Souel,[1] the Supreme Court of Ohio held as follows:
 The results of a polygraphic examination are admissible in evidence in a criminal trial for purposes of corroboration or impeachment, provided that the following conditions are observed:
 (1) The prosecuting attorney, defendant and his counsel must sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the state.
 The record discloses that the state opposed Brand's submission to the test and its proposed introduction into evidence. Despite the state's unwillingness to stipulate, the lower court granted Brand's motion on the ground that Souel needed to be revisited in light of the decision in Daubert v. Merrell Dow Pharmaceuticals, Inc.[2]
In Daubert, the Supreme Court held that, under Fed.R.Evid. 702, expert scientific evidence is admissible if the trial court determines that the evidence is both reliable and relevant. This test for the admissibility of scientific evidence is different from that used at the time Souel was decided. However, the Supreme Court of Ohio has not revised the standards of admissibility of polygraph examination results, and this court, in several post-Daubert opinions, has held that the standards announced in Souel must be met before the results of a polygraph examination may be admitted at trial. See State v Sanders;[3]State v. Gorman;[4] St. Elizabeth's Employee Fed. Credit Union v.Jarman.[5]
We therefore hold that the trial court abused its discretion in ordering the polygraph examination and in holding that the results of the test would be admissible in the trial of this matter. Without the stipulation of the state, the court had no authority to order Brand's submission to the test or to rule that the test results would be admissible at trial.
Even if the Daubert decision justified a review of the standards for admissibility of polygraph examination results, Brand failed to produce evidence at the hearing on the motion for a polygraph examination upon which the trial court could base its decision to permit the test and admit its results at trial. In Miller v. BikeAthletic Co.,[6] the Supreme Court of Ohio observed:
 In evaluating the reliability of scientific evidence, several factors are to be considered: (1) whether the theory or technique has been tested, (2) whether it has been subjected to peer review, (3) whether there is a known or potential rate of error, and (4) whether the methodology has gained general acceptance. [Daubert] at 593-594, 113 S.Ct. at 2797, 125 L.Ed.2d at 482-483. Although these factors may aid in determining reliability, the inquiry is flexible. Id. at 594, 113 S.Ct. at 2797, 125 L.Ed.2d at 483-484. The focus is "solely on principles and methodology, not on the conclusions that they generate." Id. at 595, 113 S.Ct. at 2797, 125 L.Ed.2d at 484.
No evidence was submitted in this case on the issue of the reliability and relevance of the polygraph results. For this additional reason, the trial court erred in ordering the examination and holding that the results of the test would be admissible at trial. The state's assignment of error is sustained.
Accordingly, the order of the court of common pleas granting Brand's motion to submit to a polygraph, the results of which were to be admitted into evidence, is reversed, and this cause is remanded for further proceedings consistent with this decision and law.
Judgment reversed and cause remanded.
 Gorman and Winkler, JJ., concur.
[1] (1978), 53 Ohio St.2d 123, 372 N.E.2d 1318, syllabus.
[2] (1993), 509 U.S. 579, 113 S.Ct. 2786.
[3] (May 1, 1998), Hamilton App. No. C-960253, unreported.
[4] (Oct. 10, 1997), Hamilton App. No. C-960966, unreported.
[5] (Mar. 26, 1999), Hamilton App. No. C-971039, unreported.
[6] (1998), 80 Ohio St.3d 607, 614, 687 N.E.2d 735, 741.